IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASH WRIGHT, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE CO./STATE | : | NO. 18-681 |
| FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE CO., *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                             **MARCH 27, 2018**

        Plaintiff Cash Wright filed this civil action against "State Farm Insurance Co./State Farm Mutual Automobile Ins. Co." ("State Farm"), Doloris Bryan, John J. Barr, and Katherine Cole Douglas. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Wright leave to proceed *in forma pauperis* and dismiss his Complaint.

        **I.**     **FACTS**

        The Complaint indicates that Ms. Bryan hit Mr. Wright with her car, causing him injury. Although Mr. Wright's allegations are unclear, the Complaint implies that State Farm insured Ms. Bryan and that State Farm provided Ms. Bryan with legal representation in proceedings that Mr. Wright filed against her before he initiated this case. In the instant civil action, the Court understands Mr. Wright to be claiming that State Farm and others manipulated the prior proceeding in their favor, presumably to avoid paying Mr. Wright insurance proceeds to compensate him for his injuries.

        Specifically, Mr. Wright alleges that the Defendants "harassed, demeaned, and verbaly [sic] abused a witness to an extent the witness or witnesses refused to participate in a proceeding

due to extreme and severe intimidation and threatening behavior exhibited by Defendants." (Compl. at 3.) He also contends that the "Defendant[s] achieved their goal of non-participation by engaging in never heard before lies and diversion tactics and ethnic intimidation, to divert attention away from Defendant tortfeasor Doloris Bryan." (*Id.*) Mr. Wright also indicates that Ms. Bryan committed "acts of perjury under sworn oath" because she testified inconsistently about the incident. (*Id.*) Mr. Barr is identified as "a Diversion Expert who influences his clients to lie even though they testified differently at another proceeding." (*Id.*)

Mr. Wright cites the following statutes as the basis for his claims: (1) the Americans with Disabilities Act, which requires reasonable accommodation for disabled individuals in employment, government programs, and public accommodations; (2) Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on sex, race, color, national origin, and religion; (3) 18 U.S.C. § 1512, which criminalizes tampering with a witness, victim, or informant; (4) 18 U.S.C. § 249, which punishes hate crimes; (5) Title VIII of the Civil Rights Act of 1964, which prohibits discrimination in the sale, rental, and financing of dwellings based on race, color, religion, sex or national origin; and (6) 18 U.S.C. § 241 and § 242, which criminalize civil rights violations and conspiracies against civil rights. Mr. Wright seeks monetary damages in excess of $75,000.

## II. STANDARD OF REVIEW

Mr. Wright is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. As Mr. Wright is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Wright is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Claims Based on Federal Criminal Statutes

As noted above, Mr. Wright alleges that the Defendants violated various federal criminal statutes, namely: (1) 18 U.S.C. § 1512, which criminalizes tampering with a witness, victim, or informant; (2) 18 U.S.C. § 249, which punishes hate crimes; and (3) 18 U.S.C. § 241 and § 242, which criminalize civil rights violations and conspiracies against civil rights. However, none of those criminal statutes gives rise to a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Wolfe v. Beard*, No. CIV.A. 10-2566, 2011 WL 601632, at *2 (E.D. Pa. Feb. 15, 2011) ("[T]here is no private right of action under 18 U.S.C. § 249."); *Joynes v. Meconi*, No. CIV.A. 05-332 GMS, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006) (dismissing claims based on criminal statutes, including § 1512, because those statutes did not provide for a cause of action). Accordingly, the Court must dismiss any claims based on criminal provisions.

### B. Claims Based on Federal Civil Statutes

The civil rights statutes cited by Mr. Wright also do not provide a basis for a claim here. The statutes invoked in Mr. Wright's Complaint prohibit certain class-based discrimination in employment and housing, and require the accommodation of individuals with disabilities in employment, government programs, and public accommodations. None of those statutes are at all implicated by this case, which is based on events that occurred in the course of litigation arising from a motor vehicle accident.[1] Accordingly, the Court must dismiss those claims as well.

### C. State Law Claims

In the event Mr. Wright intended to bring tort claims under Pennsylvania law, there is no basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint reflects that the parties are not completely diverse. Accordingly, the Court must dismiss any state claims for lack of subject matter jurisdiction.

---

[1] In the event Mr. Wright also intended to bring civil claims for violations of his constitutional rights, his claims fail. To state a claim under 42 U.S.C. § 1983 for violation of one's constitutional rights, a plaintiff must "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, none of the Defendants are state actors, so they are not liable under § 1983.

## IV. CONCLUSION

The Court will dismiss the Complaint for the reasons above. As it appears that Mr. Wright cannot cure the defects in his claims, he will not be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

                 /s/ Gerald Austin McHugh
                United States District Judge